IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JANICE GILMORE, | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 06-3020 (JBS) |
| v. | : | |
| MACY'S RETAIL HOLDINGS, | : | **MEMORANDUM OPINION** |
| Defendant. | : | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Plaintiff's oral application of February 3, 2009, in which she argues that the question of whether Plaintiff is entitled to the equitable remedy of back pay under the New Jersey Law Against Discrimination should be submitted to the jury.  Defendant opposes this application.   THIS COURT FINDS AS FOLLOWS:

1.  This is a case of alleged employment discrimination brought by Plaintiff, Janice Gilmore, against Defendant, Macy's Retail Holdings.  Plaintiff asserts claims of disparate treatment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-2.1, et seq.  The jury trial on the merits of Plaintiff's disparate treatment claims commenced on February 2, 2009.

2.  On February 3, 2009, after the parties had completed their opening statements to the jury, Plaintiff made an oral

application in which she argued that the question of her
entitlement to the equitable remedy of back pay under the NJLAD
must be submitted to the jury.  While Plaintiff appears to
acknowledge that under Title VII, "back pay [is] a form of
equitable relief awarded at the discretion of the court,"
Eshelman v. Agere Systems, Inc., --- F.3d ----, 2009 WL 223858,
at *11 (3d Cir. Jan. 30, 2009) (citation omitted, emphasis
added), she suggests that under the NJLAD, the question of back
pay must be submitted to the jury.

3.  The Court has considered the parties' arguments on this
matter, as well as the trial brief submitted by Defendant, and
will deny Plaintiff's application for the reasons now discussed.
If the issue before the Court were whether a  plaintiff has the
right to present her NJLAD claims to a jury, such a question
would inarguably be answered in the affirmative.  In Shaner v.
Horizon Bancorp, 116 N.J. 433 (1989), the New Jersey Supreme
Court held that an NJLAD plaintiff was not entitled to a jury
trial.  In 1990, in response to Shaner, the New Jersey
legislature amended the NJLAD to provide that "[u]pon the
application of any party, a jury trial shall be directed to try
the validity of any claim under this act specified in the suit."
N.J.S.A. 10:5-13.  Following the 1990 amendment, plaintiffs are
clearly entitled to present any NJLAD claim to a jury.

4.   There is a critical distinction, however, between a claim and a remedy, and as to the matter of remedies, there is no indication that the New Jersey legislature sought, through the 1990 amendment to the NJLAD, to alter the long-standing distinction between legal and equitable remedies.  Indeed, that the legislature continued to recognize such a distinction in the 1990 amendment is evident in the language it added to the findings section of the NJLAD via the 1990 amendment:

> The  Legislature  further  finds  that  because  of discrimination, people suffer personal hardships, and the State suffers a grievous harm . . . . Such harms have, under the common law, given rise to legal remedies, including compensatory and punitive damages.

N.J.S.A. 10:5-3 (emphasis added).  Thus, while there is no doubt that "a jury trial shall be directed to try the validity of any [NJLAD] claim," N.J.S.A. 10:5-13 (emphasis added), and that the issue of "legal remedies, including compensatory and punitive damages," N.J.S.A. 10:5-3 (emphasis added), is presented to the jury, the 1990 amendment does not suggest that equitable remedies, traditionally "awarded at the discretion of the court," Eshelman, 2009 WL 223858, at *11, are to be decided by a jury.[1]

---

[1]   Of course, under N.J.S.A. 10:5-13, the jury decides the question of liability on Plaintiff's NJLAD claim.  As the Court explains, infra, after Plaintiff "tr[ies] the validity of [her NJLAD] claim" to the jury, N.J.S.A. 10:5-13, if the jury finds Defendant liable, the Court determines whether Plaintiff is entitled to the equitable remedy of back pay.  As is frequently the case under the NJLAD, see Miller v. Beneficial Management Corp., 855 F. Supp. 691, 715 (D.N.J. 1994), this structure parallels that of Title VII.  See Spencer v. Wal-Mart Stores,

5.  The question is thus whether, under New Jersey law, back pay is a legal remedy (for the jury) or an equitable one (for the Court).  On this matter, the Court is bound by the determination of the New Jersey Supreme Court that "equitable damages [available under the NJLAD] . . . include . . . providing back pay and/or front pay."  Lehmann v. Toys 'R Us, Inc., 132 N.J. 587, 617 (1993); see also Miller v. Beneficial Management Corp., 855 F. Supp. 691, 715 (D.N.J. 1994) (explaining that "[b]ack pay under the NJLAD, like back pay under Title VII, is among the equitable damages available to the aggrieved") (internal quotations and citations omitted).

6.  As is true under Title VII, there is no shortage of NJLAD cases in which the question of back pay is presented to the jury, see, e.g., Baker v. National State Bank, 353 N.J. Super. 145 (App. Div. 2002), because courts may, with both parties' consent, try to a jury issues not triable of right by a jury. See Rule 39(c), Fed. R. Civ. P.  In this matter, Defendant has not consented to submit the equitable question of back pay to the jury, and Plaintiff has not suggested otherwise.

7.  In short, for the reasons explained above, the Court will deny Plaintiff's oral application to submit the question of

_____

Inc., 469 F.3d 311, 316 (3d Cir. 2006) (although "[t]he Civil Rights Act of 1991 expanded the recovery allowed under the 1964 Act and permitted compensatory damages . . . . it is obvious that back pay remains an equitable remedy to be awarded within the discretion of the court").

whether Plaintiff is entitled to the equitable remedy of back pay under the NJLAD to the jury.  The jury in this case will determine Defendant's liability under the NJLAD, see N.J.S.A. 10:5-13, and, if it finds liability, will assess the question of compensatory damages for Plaintiff's alleged emotional distress, but the question of whether Plaintiff is entitled to the equitable remedy of back pay is subject to the Court's, not the jury's, discretion.  The accompanying Order will be entered.


**February 4, 2009**                              **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          United States District Judge