UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JANICE GILMORE,                     :

        Plaintiff,           :      Civil Action No. 06-3020 (JBS)
   v.
                                   :

MACY'S RETAIL HOLDINGS, INC.   :      **ORDER TO TAX COSTS**

        Defendant.            :

_____

     This matter comes before the Court on a motion [Dkt. Entry No. 124] by Defendant Macy's Retail Holdings, Inc. ("Defendant") to tax costs in this matter against Plaintiff Janice Gilmore ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1.  Plaintiff contests Defendant's motion for Bill of Costs.

     The original matter arises out of a complaint filed by Plaintiff alleging employment discrimination.  The case was tried as a jury trial before the Hon. Jerome B. Simandle starting February 2, 2009 and concluding on February 10, 2009.  A judgment for no cause of action [Dkt. Entry No. 120] was entered on February 10, 2009.

     Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to costs unless the Court otherwise directs.[1]

---

[1]

     Fed. R. Civ. P. 54(d)(1) states in relevant part: "*Costs other than Attorney's Fees*. Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."

Rule 54(d) creates a "'strong presumption' that costs are to be awarded to the prevailing party."  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000) (quoting 10 MOORES FEDERAL PRACTICE § 54.101, at 54-149); see also Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981).  Thus, if the judgment is silent as to costs, as it is in this matter, the presumption is that costs are taxed against the losing party.  However, the prevailing party generally bears the evidentiary burden to show that a particular claimed cost is taxable.  See Garonzik v. Whitman Diner, 910 F. Supp. 167, 172 (D.N.J. 1995) (declining to award costs for particular reproduction because "plaintiffs have not shown how a copy was reasonably necessary to the trial.").  In the current case, Defendant is the prevailing party within the meaning of Federal Rule Civil Procedure 54(d).

1.   **Fees of the Clerk**

Defendant requests reimbursement of the $350.00 filing fee for filing a Notice of Removal with the Court. Under 28 U.S.C. § 1914(a), the required filing fee in year 2006 to file a civil action was $350.00  Additionally, the docket in this matter reflects that Defendant paid a filing fee of $350.00 when filing the Notice of Removal.  This expense is an allowable taxed cost under 28 U.S.C. § 1920(1); therefore, the Clerk permits **$350.00** as a taxable cost.

2.    **Deposition Transcripts**

Defendant requests reimbursement for deposition transcripts

in the amount of $3,546.50.  Fees of the court reporter for all

or any part of the stenographic transcript necessarily obtained

for use in the case are taxable costs under 28 U.S.C. § 1920(2).

Local Civil Rule 54.1(g)(7) states in relevant part,

> In taxing costs, the Clerk shall allow all or
> part of the fees and charges incurred in the
> taking and transcribing of depositions used at
> the trial under Fed. R. Civ. P. 32. [2]  Fees and
> charges for the taking and transcribing of any
> other deposition shall not be taxed as costs
> unless the Court otherwise orders.

The Clerk finds the six deposition transcripts taken in this

matter were necessarily obtained for "use" in the case.  28

U.S.C. § 1920.  The Clerk allows Defendant to be reimbursed for

the production of six stenographic transcripts, including the

Plaintiff's two deposition transcripts, and for the expenses

incurred in taking those depositions.

| Deponent | Amount Requested | Amount Allowed |
|---|---|---|
| **Janice Gilmore** (Day one) (Transcript/Exhibits Appearance) | $832.20 | $832.20 |
| (CD Depo) | $ 34.00 | Denied |
| (Shipping/Handling) | $ 15.00 | Denied |

---

[2]    Fed. R. Civ. P. 32 governs use of depositions in court
proceedings such as at a trial or during a hearing of a motion
"as to any part or all of a deposition, so far as admissible
under the rules of evidence. . .  ."

| Deponent | Amount Requested | Amount Allowed |
|---|---|---|
| **Janice Gilmore** (Day two) | $1,501.00 | $1,501.00 |
| (Rough ASCII) | $   427.50 | Denied |
| (CD Depo) | $    34.00 | Denied |
| (Shipping/Handling) | $    32.75 | Denied |
| **Elaine Van Aken** | $   288.25 | $288.75 |
| (Shipping) | $     7.50 | Denied |
| **Jeanette Rutter** | $   179.55 | $179.55 |
| **Leslie El** | $    53.55 | $ 53.55 |
| **Shirley Cobb** | $   132.30 | $132.30 |
| (Copies) | $     0.90 | $  0.90 |
| (Delivery) | $     7.50 | Denied |
| Total | $3,546.50 | **$2,988.25** |

Accordingly, based on the evidence submitted in support of taxing the above-mentioned deposition transcripts, the Clerk does not find Defendant's level of deposition discovery in this matter to be excessive or unreasonable, especially since these deponents testified at trial.  (Siegel Decl. ¶4.) Therefore, the Clerk finds that deposition transcripts taken in this matter were necessarily obtained for "use" in the case. See 28 U.S.C. § 1920.

The Clerk allows Defendant to be reimbursed for costs incurred for the production of stenographic transcripts including one copy of each deposition in the amount of **$2,988.25**.  The reduced amount reflects a reduction of the expense for shipping and handling the deposition transcripts to counsel and for the production of ASCII Disks.  These charges are not considered a taxable cost because they are not among the categories of costs

listed in 28 U.S.C. § 1920.  See <u>Bollitier v. Int'l Broth. of</u>
<u>Teamsters, Chauffeurs, Warehousemen & Helpers</u>, 735 F. Supp. 623,
629 (D.N.J. 1989) (denying taxation costs for mailing); <u>see</u> <u>also</u>
<u>Harkins v. Riverboat Servs., Inc.</u>, 286 F. Supp. 2d 976, 980-81
(N.D. Ill. 2003) (holding costs of ASCII disks are not
recoverable as costs where regular deposition copy was also
received).

     3.    **Trial Transcript**

Defendant requests reimbursement of a portion of a trial
transcript taken on February 4, 2009.  According to Defendant, on
February 4, the Court issued an oral ruling on evidentiary issues
which impacted the case.  Defendant is requesting only fifteen
pages of the ruling in the amount of $108.75 (15 pages at $7.25
per page).  The Clerk compliments the Defendant in requesting to
be reimbursed for only fifteen pages of the transcript it ordered
instead of the requesting reimbursement for the entire
transcript.  In many instances, parties in other matters, have
requested reimbursement for the cost of the entire transcript of
the Court ruling, which in this matter was $1,319.50.  Pursuant
to Local Civil Rule 54.1(g)(6), the Clerk allows the amount of
**$108.75** to taxable costs.

     4.    **Fees for Service of Process and Subpoena(s)**

Defendant requests reimbursement for fees paid to a private
server to serve trial subpoenas on Sherry McCord, Fay Shaw,

Leslie Lemoine, and Jeanette Rutter in the amount of $767.50. (Siegel Decl. ¶ 3.) Each of these individuals testified at the trial in this matter.

Although Section 1920(1) authorizes taxation of the costs of the "clerk and marshal," this Court has held that fees paid to private servers of process (service of subpoena) should be a taxable item.  Hurley v. Atlantic City Police Dep't, No. 93-260, 1996 WL 549298, at *6 (D.N.J.Sept. 17, 1996).  The Clerk finds that this expense is reasonable and not excessive, especially under the circumstances of this matter. It is not unusual but customary to serve trial subpoenas in a case that proceeds to trial.  Therefore, the Clerk permits the entire amount of **$767.50** as taxable costs.

 5.   **Witness Fees**

Defendant requests reimbursement in the amount of $474.00 for expenses incurred for four witnesses who testified at trial in this matter.  Each of these individuals testified at the trial in this matter. (Siegel Decl. ¶3.) Defendant requests to be reimbursed a $40.00 witness fee for each witness and travel expenses (mileage) for each witness who testified at trial.

Fees for witnesses are taxable costs under 28 U.S.C. § 1920(3).  Local Civil Rule 54.1(g)(1) states in relevant part, "The fees of witnesses for actual and proper attendance shall be allowed . . . [t]he rates for witness fees, milage and

6

subsistence are fixed by statute (see 28 U.S.C. § 1821)."   The

Clerk allows the amount of **$474.00** as taxable costs.

6.    **Photocopying Costs**

Defendant requests reimbursement in the amount of $152.80

for photocopying of trial exhibits introduced at trial.  Fees for

exemplification and copies of papers necessarily obtained for use

in the case are taxable costs under 28 U.S.C. § 1920(4).

Under L.Civ.R. 54.1(g)(9), "(A) the fees for

exemplifications and copies of papers are taxable when the

documents are admitted into evidence or necessarily attached to a

document required to be filed and served in support of

dispositive motion. . . ."  A copy of the trial exhibits was

given to the jury for their deliberations, while the other copy

was given to Plaintiff's counsel.  (Siegel Decl. ¶ 6.)  The Clerk

does not find that the expense incurred in photocopying of trial

exhibits was for the convenience of counsel; therefore, the Clerk

allows the amount of **$152.80** as taxable costs.

7.    **Docket Fees**

The Clerk allows the amount of $20.00 as a taxable cost

which represents allowable docket fee of $20 under 28 U.S.C. §

1923(a).

8.    **Summary**

The following expenses are allowable as taxable costs:

1.   Fees for Clerk                    $    350.00

2.   Deposition Fees                   $ 2,988.25

3.   Trial Transcripts                 $    108.75

4.   Fees for Service/Subpoenas        $    767.50

5.   Witness Fees                      $    474.00

6.   Photocopying Expenses             $    152.80

7.   Docket Fees                       $     20.00

**TOTAL**                              **$ 4,861.30**

9.   For the reasons set forth above, Defendant Macy's motion to tax costs against Plaintiff **JANICE GILMORE** is hereby granted in the amount of **$4,861.30.**


                              WILLIAM T. WALSH, CLERK

                              By:  S/John T. O'Brien

                                   Deputy Clerk


June 19, 2009