IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JANICE GILMORE,

       Plaintiff,

       v.

MACY'S RETAIL HOLDINGS,

       Defendant.

HON. JEROME B. SIMANDLE

Civil No. 06-3020 (JBS/AMD)

**MEMORANDUM OPINION**

**SIMANDLE**, District Judge:

    This matter is before the Court upon Plaintiff's unopposed motion [Docket Item 135] to file an untimely appeal of the Clerk's June 19, 2009 Order [Docket Item 134] to Tax Costs against Plaintiff.  THIS COURT FINDS AS FOLLOWS:

    1.  This was a case of alleged employment discrimination brought by Plaintiff, Janice Gilmore, against Defendant, Macy's Retail Holdings.  Plaintiff asserted claims of disparate treatment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-2.1, et seq.  On February 10, 2009, following a five-day jury trial, the jury returned a Verdict [Docket Item 120], finding in favor of Defendant on both counts.

2.  On March 5, 2009, Plaintiff filed a Notice of Appeal [Docket Item 123] of the Final Judgment.[1]  Plaintiff also seeks to appeal Magistrate Judge Donio's February 27, 2009 Order [Docket Item 122] granting Defendants' motion for sanctions.  On March 9, 2009, Defendant filed a motion for costs and disbursements, pursuant to Rule 54(d)(1), Fed. R. Civ. P.,[2] which the Clerk of the Court granted in a June 19, 2009 Order [Docket Item 134].

3.  On July 23, 2009, thirty-four days after the entry of the June 19, 2009 Order taxing costs, Plaintiff filed a "[r]equest for an extension for time to file an amended notice of appeal and amendment to appeal."  (Docket Item 135 at 1.)  In her motion, Plaintiff states that she "was not in the country during that week 6-20-09 thru 6-25-09" and that she "received the judgement dated 6-19-09 after [her] return."  (Id.)  She also states that she was confused as to how to appeal the Order taxing

---

[1]  Although Plaintiff was represented by counsel at trial, she appears to be pursuing her appeal pro se.

[2]  Rule 54(d)(1) provides in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1); see also In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 462 (3d Cir. 2008) ("By mandating that, subject to court intervention, costs be allowed to a prevailing party as of course, the rule creates the strong presumption that costs are to be awarded to the prevailing party") (internal quotations and citations omitted) (emphasis in original).

costs and that she wished to incorporate an appeal of that Order into her prior appeal.  (Id.)

4.  For the reasons that follow, the Court will grant Plaintiff's motion to file an untimely appeal of the June 19, 2009 Order.[3]  Under the Federal Rules of Appellate Procedure, "[i]n a civil case . . . , the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A).  Rule 4(a)(5)(A), Fed. R. App. P., provides:

> (A) The district court may extend the time to file a notice of appeal if:
>
> > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> >
> > (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

---

[3] Although Plaintiff appears to seek to file an "amended notice of appeal" to incorporate her appeal of the Order taxing costs into her prior appeal, the proper course is for Plaintiff to file an appeal of the Final Judgment (which she has already done) and a separate appeal of the order taxing costs.  See Fed. R. Civ. P. 58(e) ("the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs . . ."); see also Bewley v. City of Duncan, 149 F.3d 1190 (10th Cir. 1998).  The Clerk's Order taxing costs, which Plaintiff did not appeal to this Court, appears to be an appealable order.  See LoSacco v. City of Middletown, 71 F.3d 88, 91 (2d Cir. 1995).  The Court thus construes Plaintiff's motion as one seeking leave to file a belated appeal of the Order taxing costs.

5.   In determining whether a party has shown excusable
neglect or good cause for its failure to file a timely appeal,
the Court applies the four-factor test set forth by the Supreme
Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.
P'ship., 507 U.S. 380, 395-97 (1993).  See In re Diet Drugs
Product Liability Litigation, 401 F.3d 143, 153-54 (3d Cir. 2005)
(agreeing with the conclusion of multiple circuits that Pioneer
applies "in the context of filing for appeal pursuant to Fed. R.
App. P. 4(a)(5)").  The four Pioneer factors are: "[1] the danger
of prejudice to the [non-movant], [2] the length of the delay and
its potential impact on judicial proceedings, [3] the reason for
the delay, including whether it was within the reasonable control
of the movant, and [4] whether the movant acted in good faith."
Pioneer, 507 U.S. at 395.

6.   The Court will grant Plaintiff leave to file a notice of
appeal of the June 19, 2009 Order.[4]  First and most
significantly, the Court does not find that Defendant would be
prejudiced if such leave were granted.  Defendant has not opposed
Plaintiff's motion, and the request for leave to file an untimely
appeal was filed just four days after the date for filing a
timely appeal expired.  See id.  Second, and relatedly, the

_____

    [4]  Plaintiff's motion for leave to file an untimely appeal
was filed within Rule 4(a)(5)(A)(i)'s thirty-day window – that
is, it was filed four days after the date for filing a timely
appeal expired.

4

length of the delay and its impact on the proceedings in this
case are minimal.  See id.  Plaintiff's motion was filed just
four days late, and any delay in her appeal of the Order taxing
costs has no impact on her appeal from the Final Judgment herein
as a matter of law.  See Fed. R. Civ. P. 58(e) ("the entry of
judgment may not be delayed, nor the time for appeal extended, in
order to tax costs . . ."); see also Note 3, supra.  Finally,
with regard to the reasons for Plaintiff's delay and whether
Plaintiff has acted in good faith, see Pioneer, 507 U.S. at 395,
the Court takes note of Plaintiff's pro se status in prosecuting
her appeal, see Note 1, supra, and her stated confusion over how
an appeal of the Order taxing costs would be impacted by her
prior appeal of the Final Judgment.  While "pro se litigants are
not excused from compliance with procedural rules," Pearle
Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008), there is
nothing herein to suggest that Plaintiff's delay was the product
of bad faith, and this fact, combined with the absence of
prejudice to Defendant and the minimal impact of the delay on the
judicial proceedings, convinces the Court that Plaintiff's
application for leave to file an untimely appeal should be
granted.

    7.  For the reasons set forth above, the Court will grant
Plaintiff's motion for leave to file an untimely appeal of the
Clerk's June 19, 2009 Order to Tax Costs against Plaintiff.

Plaintiff must file her notice of appeal of that Order within ten (10) days of the entry of the accompanying Order.  See Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later").  The accompanying Order is entered.


**August 11, 2009**                          **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             United States District Judge

6